UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANDREW J.J. WOLF, R. HANS KRUGER, and DAVID S. BEGLEY,[1]<br><br>Plaintiff,<br><br>v.<br><br>C.L. "BUTCH" OTTER; LAWRENCE WASDEN; IDAHO STATE BOARD OF CORRECTIONS; ROBIN SANDY, J.R. VAN TASSEL; JAY NIELSON; IDAHO COMMISSION OF PARDONS AND PAROLE; OLIVIA CRAVEN; BILL YOUNG; MARK FUNAIOLE; JANE DRESSEN; NORMAN LANGERAK; MIKE MATTHEWS; BRENT REINKE; CORRECTIONS CORPORATION OF AMERICA, INC.; TIM WENGLER; JASON ELLIS; CORIZON INC., each sued in their individual and official capacities and their successors in office,<br><br>Defendants. | Case No. 1:12-cv-00526-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Plaintiffs Andrew J.J. Wolf and R. Hans Kruger, prisoners in the custody of the

Idaho Department of Correction ("IDOC"), are proceeding pro se and in forma pauperis

---

[1] Plaintiff Begley has voluntarily dismissed his claims in this action. (Dkt. 40.)

**MEMORANDUM DECISION AND ORDER - 1**

in this civil rights action. Plaintiffs claim that Defendants have violated the Eighth Amendment in several ways stemming from prison overcrowding. Plaintiffs have been allowed to proceed on the following claims: (1) claims of inadequate ventilation against Defendant Reinke for injunctive relief; (2) claims of inadequate heating against Defendant Reinke for injunctive relief; (3) claims of inadequate dayroom space, inadequate staffing, and lack of out-of-cell time (a) against Defendant Corrections Corporation of America ("CCA"), the private company operating the Idaho Correctional Center ("ICC") under contract with the IDOC, for damages and injunctive relief, and (b) against Defendants Ellis[2] and Reinke for injunctive relief. (*See* Initial Review Order, Dkt. 27, at 8-10, 28.)

Now pending before the Court is a Motion to Dismiss Plaintiff Kruger's claims against CCA and Ellis (collectively, the "CCA Defendants"). (Dkt. 44.) The CCA Defendants argue that Plaintiff Kruger failed to exhaust administrative remedies as required by the Prison Litigation Reform Act and that some of his claims were not brought within the two-year statute of limitations. (Dkt. 44.)

Having carefully reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho Loc. Civ. R. 7.1(d). The Court need not address

---

[2] These claims were initially asserted against Timothy Wengler, the former warden of ICC. However, the Court later granted Plaintiffs' request to substitute current warden Jason Ellis in place of former warden Wengler. All claims against Defendant Wengler have been dismissed. (Dkt. 57.)

**MEMORANDUM DECISION AND ORDER - 2**

the CCA Defendants' statute of limitations argument, because the Court concludes that Plaintiff Kruger did not exhaust available administrative remedies with respect to his claims against the CCA Defendants. Accordingly, the Court enters the following Order granting the CCA Defendants' Motion and dismissing all of Plaintiff Kruger's claims against them.

## DISCUSSION

### 1.     Standard of Law for Exhaustion of Administrative Remedies

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*, a prisoner is required to exhaust all of his administrative remedies within the prison system before he can bring a civil rights lawsuit challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). "Proper" exhaustion of administrative remedies is required, meaning that the prisoner must comply "with [the prison's] deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). The exhaustion requirement is based on the important policy concern that prison officials should have "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Id.* at 204.

**MEMORANDUM DECISION AND ORDER - 3**

Failure to exhaust is an affirmative defense that is "subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In the context of such a motion, a court's consideration of evidence outside of the pleadings does *not* transform the motion to dismiss into a motion for summary judgment. Rather, in deciding a motion to dismiss for failure to exhaust, the Court "may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1120. If a prisoner has failed to exhaust his administrative remedies, the appropriate remedy is dismissal without prejudice. *Id.*

The defendant bears the burden of proving failure to exhaust. *See Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005). If the defendant does so, "the burden shifts to the plaintiff to show that the administrative remedies were unavailable." *Albino v. Baca*, 697 F.3d 1023, 1031 (9th Cir. 2012). Confusing or contradictory information given to a prisoner "informs [the] determination of whether relief was, as a practical matter, 'available.'" *Brown*, 422 F.3d at 937.

Administrative remedies will be deemed unavailable and exhaustion excused if an inmate shows that the required procedural steps were "not known and unknowable with reasonable effort." *Albino*, 697 F.3d at 1037. A complaint will not be dismissed for failure to exhaust if the prison improperly processed an inmate's grievance, if prison officials misinformed an inmate regarding grievance procedures, or if prison staff took any other "affirmative actions" that interfered with an inmate's efforts to exhaust. *Id.* at

**MEMORANDUM DECISION AND ORDER - 4**

1034, 1039. It is not enough that the prisoner was subjectively unaware of proper grievance procedures; that lack of awareness must also be "objectively reasonable." *Id.* at 1038.

## 2. ICC/IDOC Grievance Process

ICC follows the IDOC's grievance process, which consists of three stages. First, any inmate with a concern is required to seek an informal resolution by filling out an Offender Concern Form, addressed to the staff person "most capable of responding to and, if appropriate, resolving the issue." (Decl. of Margaret Purcell, Dkt. 44-2, at ¶ 7.) If the issue cannot be resolved informally through the use of a Concern Form, the inmate must then file a Grievance Form. (*Id.* at ¶ 8.)

A Grievance Form must be submitted within 30 days of the incident giving rise to the grievance. When submitting a grievance, the inmate must attach a copy of the Offender Concern Form, showing the inmate's attempt to settle the issue informally. Grievances must contain "specific information including the nature of the complaint, dates, places, and names," and only one issue may be raised in each grievance. (*Id.* at ¶ 9.) When the grievance coordinator receives an inmate grievance, she "assigns the grievance to the staff member most capable of responding to and, if appropriate, resolving the issue." (*Id.*) That staff member responds to the grievance and returns it to the Grievance Coordinator. The Grievance Coordinator then forwards the grievance to a "reviewing authority," usually a deputy warden. (*Id.*)

**MEMORANDUM DECISION AND ORDER - 5**

The reviewing authority responds to the grievance and returns it to the Grievance Coordinator, who sends the completed grievance back to the inmate. (*Id*.) If the decision on an inmate's grievance is not satisfactory to the inmate, the inmate may appeal that decision. (*Id*. at ¶ 10.) The "facility head," or the warden, is the person who usually decides an inmate's grievance appeal. (*Id*. at ¶ 11.)

Not until the completion of all three of these steps—Concern Form, Grievance Form, and grievance appeal—is the grievance process exhausted. (*Id.* at ¶ 12.)

3.  **Plaintiff Kruger Did Not Exhaust Available Administrative Remedies**

According to the ICC Grievance Coordinator, as well as Plaintiff's grievance records, Plaintiff Kruger did not file any grievances when he was incarcerated at ICC. (Purcell Decl. at ¶ 15 and Ex. C.) Rather, Plaintiff Kruger filed grievances only while he was housed at Idaho State Correctional Institution. (*Id*.) Therefore, the CCA Defendants have met their burden of showing that Plaintiff Kruger did not properly exhaust the ICC grievance process. Because Plaintiff Kruger has not come forward with evidence that administrative remedies were unavailable, *see Albino*, 697 F.3d at 1031, the Court concludes that Plaintiff Kruger failed to exhaust available administrative remedies with respect to all of his claims against the CCA Defendants. Accordingly, the Court will grant the CCA Defendants' Motion to Dismiss.

# ORDER

**IT IS ORDERED** that the CCA Defendants' Motion to Dismiss (Dkt. 44) is

GRANTED. All of Plaintiff Kruger's claims against Defendants CCA and Ellis are

DISMISSED without prejudice.



DATED:  **March 25, 2014**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge