UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANDREW J.J. WOLF, R. HANS KRUGER, and DAVID S. BEGLEY,<br><br>    Plaintiffs,<br><br>  v.<br><br>C.L. "BUTCH" OTTER; LAWRENCE WASDEN; IDAHO STATE BOARD OF CORRECTIONS; ROBIN SANDY, J.R. VAN TASSEL; JAY NEILSON; IDAHO COMMISSION OF PARDONS AND PAROLE; OLIVIA CRAVEN; BILL YOUNG; MARK FUNAIOLE; JANE DRESSEN; NORMAN LANGERAK; MIKE MATTHEWS; BRENT REINKE; CORRECTIONS CORPORATION OF AMERICA, INC.; TIM WENGLER; CORRISON INC., each sued in their individual and official capacities and their successors in office,<br><br>    Defendants. | Case No. 1:12-cv-00526-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Plaintiffs, prisoners in the custody of the Idaho Department of Correction (IDOC), are proceeding pro se in this civil rights action. Plaintiffs claim that defendants violated the Eighth Amendment in several ways stemming from prison overcrowding. Plaintiffs

MEMORANDUM DECISION AND ORDER - 1

have been allowed to proceed on the following claims against defendant Kevin Kempf,[1] for injunctive relief only:

(1) Claims of inadequate ventilation in Unit 14 at ISCI and in the West Wing of ICC (Third, Fourth, Fourteenth, and Fifteenth Claims for Relief);

(2) Claims of inadequate heating, or HVAC in ISCU Units 7, 9, 10, 11 and 13 (Fifth and Sixth Claims for Relief);

(3) Claims of inadequate dayroom space, inadequate staffing, and lack of out-of-cell time (Twelfth, Thirteenth, Twentieth, and Twenty-First Claims for Relief); and

(4) Claims of failure to protect plaintiffs from attacks by other inmates (Twenty-Fourth Claim for Relief).

*See Initial Review Order*, Dkt. 27, at 8-10, 28.

Nineteen motions are pending before the Court. (Dkts. 106-07, 111-13, 116, 124, 131-32, 135-36, 138, 146, 150-55). The Court will resolve many of these motions, including plaintiffs' motion to amend their complaint, in this order. The remaining motions, including the pending motion for summary judgment, will be resolved in a separate decision.

## DISCUSSION

**1.  Plaintiffs' Motions to Modify the Scheduling Order and File a First Amended Complaint (Dkts. 112, 138, 146, 151, 154)**

In July 2014, the Court entered a Scheduling Order governing pretrial proceedings

---

[1] Defendant Brent Reinke is no longer the director of IDOC; Kevin Kempf has replaced him. Therefore, it is proper to substitute Kempf as the defendant in this action. *See* Fed. R. Civ. P. 25(d).

in this matter. The Scheduling Order gave the parties until October 28, 2014 to move to amend their pleadings or to join parties. Dkt. 89, at 2. The October deadline was extended to May 15, 2015. Dkt. 105. The Court was persuaded to grant this extension based on plaintiffs' representations that any amended complaint they would be "partially contingent" upon information they expected to receive in response to outstanding discovery requests. *See id.* at 3.

Plaintiffs did not file their motion to amend the complaint until October 20, 2015 – roughly five months after the extended deadline, and nearly one year after the original deadline. Before filing their motion to amend, plaintiffs repeatedly moved to extend the May 15, 2015 deadline. *See Motion for Extension*, Dkt. 112. First, in May 2015, plaintiffs said defendants had delayed responding to discovery requests and thus asked the Court to reset the deadline – not to any specific date, but instead to an unspecified time after the Court could resolve outstanding discovery issues. Dkt. 112. Defendants did not oppose that request. *See Notice of Non-Response,* Dkt. 119.

A few months later, in September 2015, defendants again asked the Court to extend the deadline, but this time they asked for a date certain: October 1, 2015. Dkt. 138. Among other things, plaintiffs said they were busy opposing defendant's motion for summary judgment and otherwise litigating this case. Defendants opposed this motion. *See* Dkt. 145. In October, 2015, plaintiffs asked for an extension through October 15, 2015. *See* Dkt. 146. Defendant Kempf opposed this motion as well. Dkt. 147.

As noted above, plaintiffs ultimately filed their motion to amend on October 20, 2015.  Because this motion was filed after the deadline set out in the scheduling order, the Court must determine whether plaintiffs have demonstrated good cause for modifying that order.

"The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order ... will not be disturbed unless they evidence a clear abuse of discretion." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir.1992) (citation and internal quotation marks omitted).  In general, the pretrial scheduling order can only be modified "upon a showing of good cause." *Id.* at 608 (citing Fed. R. Civ. P. 16(b)).  The pretrial schedule may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* at 609. If the party seeking the modification "was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id.*

Plaintiffs have not demonstrated diligence.  As noted above, this Court was initially persuaded to extend the October 2014 deadline to May 2105 based on plaintiffs' representations that they expected to uncover information during discovery that would lead to amendments.  Yet in their many subsequent filings (*see* Dkts. 112, 138, 146), plaintiffs do not specifically explain what "new and previously unavailable information" they obtained during discovery (or are still seeking) that would warrant modifying the scheduling order.  *See Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996).  Indeed, at this point, plaintiffs have now filed a proposed first amended

complaint, but in doing so, they fail to specifically address any particular piece of information they uncovered during discovery that triggered the need for any particular amendment. Instead, they mainly speak in generalities. They also say they were busy litigating this case as well as one other case. *See* Dkts. 138, 146.

Based on this record, the Court is not persuaded that plaintiffs have demonstrated good cause to modify the scheduling order. This lawsuit has been pending for over three years. Plaintiffs had ample time to move to amend their complaint within the deadlines established by the Court and, as already noted, plaintiffs have failed to demonstrate that their proposed amendments are tied to any newly discovered information, or any information they expect to receive in discovery. The Court will therefore deny their motion to amend the scheduling order.

Additionally, though it need not reach the issue, the Court finds that allowing plaintiffs to proceed on their proposed first amended complaint would significantly prejudice the defendants and delay the resolution of this lawsuit. In this regard, plaintiffs say the following:

> Plaintiffs see no prejudice in bringing forth an amended complaint with two new plaintiffs joining in due to the fact that their claims for relief are of those which this Court has already permitted Plaintiffs to proceed with, and for judicial economy is appropriate. . . .
>
> Other than those claims for relief which this Court permitted Plaintiff to proceed upon have added one (1) new issue pertaining to the due process violations that have been taking place in disciplinary hearings. Plaintiffs feel it is appropriate to add this claim within this case for judicial economy, and the fact that their case is comparative to that of *Balla, et al. v. Idaho State Board of Correction et al.* . . .

**MEMORANDUM DECISION AND ORDER - 5**

and its previous orders that were set forth therein granting injunctive relief.

*Motion to Amend,* Dkt. 151, at 5.

Preliminarily, plaintiffs are focusing on the wrong standard; they invoke the more liberal standard set forth in Federal Rule of Civil Procedure 15(a), as opposed to the "good cause" standard of Rule 16(d). But even so, plaintiffs' arguments lack merit. As matters now stand, the Court has narrowed this lawsuit such that a single defendant faces eleven claims for injunctive relief. Plaintiffs' proposed amended complaint, which runs over 200 pages, adds two new plaintiffs, names 63 defendants, and adds a whole host of new factual allegations. The proposed first amended complaint also alleges 22 separate claims for relief and seeks both monetary and injunctive relief. Allowing the lawsuit to expand so significantly, so late in the game, would dramatically complicate and delay the resolution of this case. Among other things, defendants would be forced to devote substantial additional resources to discovery and trial preparation. Additionally, unrelated claims against different defendants belong in different suits, primarily to prevent the sort of morass this proposed 22-claim, 63-defendant lawsuit would produce. The Court will also reject the proposed amended complaint for the additional reason of ensuring that prisoners pay the required filing fees, as the Prison Litigation Reform Act limits to three the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

For all these reasons, the Court will deny plaintiffs' motions to modify the scheduling order as well as their motion to amend their complaint. Given this ruling,

MEMORANDUM DECISION AND ORDER - 6

plaintiffs' Motion to Seal and For In Camera Review (Dkt. 154), which relates to the true names of some alleged victims identified in the proposed first amended complaint, is moot.

**2.     Plaintiffs' Renewed Motions (Dkts. 113, 152, 153)**

Earlier in this litigation, the Court denied plaintiffs' requests for (1) appointment of counsel; (2) appointment of a three-judge court to preside over this action; and (3) class certification. *See Initial Review Order,* Dkt. 27, at 22-24. Plaintiffs now request these same forms of relief in a series of "renewed" motions. *See* Dkts. 113, 152, 153. The Court will construe these motions as motions for reconsideration. For the reasons explained below, each motion will be denied.

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) Error must be corrected; and (2) Judicial efficiency demands forward progress. While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone. Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson,* 225 U.S. 436, 444 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to await reversal." *In re Airport Car Rental Antitrust Litig.*, 521 F. Supp. 568, 572 (N.D. Cal. 1981) (Schwartzer, J.).

The need to be right, however, must co-exist with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.,* 123 F.R.D. 282, 288 (N.D. Ill.1988).

Reconsideration of a court's prior ruling under Federal Rule of Civil Procedure 59(e) is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.,* 617 F.3d 1072, 1100 (9th Cir.2010) (citation omitted). If the motion to reconsider does not fall within one of these three categories, it must be denied.

Plaintiffs have not met this standard.  They have not pointed to any new factual information or any intervening change in the controlling law.  Nor is the Court persuaded that it committed any error in denying these motions earlier.  The Court will therefore deny plaintiffs' "renewed" motions.

## 3. Defendant's Motion for a Protective Order (Dkt. 124)

In June 2015, defendants moved for a protective order related to plaintiffs' Third Request for Production of Documents.  Dkt. 124.  After this motion was on file, plaintiffs agreed to withdraw the document requests.  *See* Dkt. 130.  Accordingly, the Court will deem the pending motion for protective order moot.

**4.      Plaintiffs' Motion to Seal (Dkt. 116)**

The complaint in this matter identifies various inmates only by letter – as in "Inmate A," "Inmate B," and so on.  These inmates had allegedly been harassed or injured by other inmates, so plaintiffs chose not to identify them by name in the complaint.  Plaintiffs did, however, identify these individuals by their true names in a separate exhibit, which the Court sealed.  *See Initial Review Order,* Dkt. 27, at 26 ("This sensitive information justifies sealing the documents . . . at this time.").

In recent filings, defendants identified four of these alleged victims (Inmates "A", "B", "E," and "H") by name.  Plaintiffs request a curative order; they ask the Court to seal or otherwise redact the identifying information in defendants' filings. Plaintiffs also ask the Court to sanction defense counsel.  *See* Dkt. 116

The Court will grant the motion to the extent that it will seal the documents containing identifying information.  The Court will order defense counsel to identify these documents and work with the Clerk's office to ensure that these documents are sealed.  The Court will also require defendants to refile any document identifying an alleged victim.  The newly filed documents should not be sealed, but defendants should redact identifying information from these documents.  At this time, the Court declines to sanction defense counsel.  The Court attributes the disclosure of identifying information to have been the result of a simple mistake, but counsel is cautioned that the Court expects this mistake will not be repeated.

## 5. Plaintiffs' Motions to File Additional Motions (Dkts. 111, 150)

In its Initial Review Order, the Court issued the following order:

> No party may have more than three pending motions before the Court at one time, and no party may file a motion on a subject matter if he or she has another motion on the same subject matter currently pending before the Court.

*Initial Review Order,* Dkt. 27,l at 33.  The purpose of this order is to help the Court manage its docket and prevent the sort of motion pile-up that has occurred in this case.  The Court will therefore deny plaintiffs' request for relief from this order.  That said, however, the Court has considered the merits of each motion resolved within this order.

## ORDER

IT IS ORDERED that:

1.  Plaintiffs' unopposed Motion to Lodge Amended Supplement to Initial Disclosure Statement (Dkt. 106) is GRANTED.

2.  Plaintiff's Motions for Leave to File More than Three Motions (Dkt. 111, 150) are DENIED.

3.  Plaintiffs' Motion for Extension of Time in Which to File an Amended Complaint (Dkt. 112) is DENIED.

4.  Plaintiff's Motions to Supplement Motion for Extension of Time, which are construed as motions to modify the scheduling order (Dkt. 138, 146), are DENIED.

5.  Plaintiffs' Renewed Motion to Appoint Counsel (Dkt. 113) is DENIED.

6. Plaintiffs' Motion to Seal (Dkt. 116) is GRANTED. Defense counsel is instructed to work with the Clerk's office in accordance with the instructions given above.

7. Defendants' Motion for a Protective Order (Dkt. 124) is DEEMED MOOT.

8. Defendants' Motion for Leave to File Excess Pages (Dkt. 131) is GRANTED.

9. Plaintiffs' Motion to File Overlength Response (Dkt. 136) is GRANTED.

10. Plaintiff's Motion to Amend Prisoner Civil Rights Complaint (Dkt. 151) is DENIED.

11. Plaintiffs' Renewed Motion for Three Judge Court (Dkt. 152) is DENIED.

12. Plaintiffs' Renewed Motion for Class Certification (Dkt. 153) is DENIED.

13. Plaintiffs' Motion to Seal (Dkt. 154) is DEEMED MOOT.

14. Plaintiffs' Request for a Status Conference (Dkt. 155) is DENIED.

DATED: March 16, 2016

B. Lynn Winmill
Chief Judge
United States District Court