UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANDREW J.J. WOLF, R. HANS KRUGER, and DAVID S. BEGLEY,<br><br>     Plaintiffs,<br><br>     v.<br><br>C.L. "BUTCH" OTTER; LAWRENCE WASDEN; IDAHO STATE BOARD OF CORRECTIONS; ROBIN SANDY, J.R. VAN TASSEL; JAY NEILSON; IDAHO COMMISSION OF PARDONS AND PAROLE; OLIVIA CRAVEN; BILL YOUNG; MARK FUNAIOLE; JANE DRESSEN; NORMAN LANGERAK; MIKE MATTHEWS; BRENT REINKE; CORRECTIONS CORPORATION OF AMERICA, INC.; TIM WENGLER; CORRISON INC., each sued in their individual and official capacities and their successors in office,<br><br>     Defendants. | Case No. 1:12-cv-00526-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## BACKGROUND

On March 31, 2016, this Court entered an order denying Defendant Kevin Kempf's motion for summary judgment on Plaintiff Hans Kruger's failure-to-protect claim. The Court denied the motion without prejudice, however, indicating that Kempf could refile the motion after producing additional documents to Kruger. The Court

ordered Kempf to produce those documents within 60 days, or by June 2, 2016, and to refile any motion for summary judgment within 90 days of the order, or by July 2, 2016.[1]

The Court's March 31, 2016 order triggered two new motions, which are currently pending.  First, in a Motion to Clarify, Plaintiff Kruger asks the Court to expand the scope of documents Kempf has been ordered to produce.  *See* Dkt. 165.  Second, Defendant Kempf moves for permission to depose Kruger and to extend the deadline for refiling its motion for summary judgment on Kruger's failure-to-protect claim.  *See* Dkt. 167.  For the reasons explained below, the Court will: (1) deny Kruger's motion to expand the document production; (2) grant Kempf's request to depose Kruger; and (3) grant a limited extension of time for Kempf to refile his motion for summary judgment on Kruger's failure-to-protect claim.

## DISCUSSION

## 1.  Plaintiff Kruger's Motion for Clarification

The Court will deny Kruger's request to expand the document production.  When the Court ordered the prison to produce documents, it focused on the particular housing unit (or units) at ISCI where Kruger resided during the one-year period before the complaint was filed.  Specifically, the Court ordered Kempf to produce documents related to inmate-on-inmate assaults that occurred during the one-year period before the

---

[1] The Court added three days to the 60- and 90-day deadlines to account for electronic delivery of the Order.

complaint was filed.  *See Mar. 31, 2106 Memorandum Decision & Order,* Dkt. 160, at 6-7.  Kruger says the Court should expand the scope of that production to include documents related to inmate-on-inmate assaults that occurred in the prison's common areas, including the "Chapel, Pendyne, School, Gym, Recreation Yards, and Breezeways to and from these common areas."  *Motion,* Dkt. 165, at 2.

The Court is not convinced that discovery of these particular documents – i.e., those related to inmate-on-inmate assaults at ISCI common areas – are relevant to Kruger's failure-to-protect claim or proportional to the needs of this case.  *See* Fed. R. Civ. P. 26(b)(1).  Rather, an examination of the complaint reveals that Kruger is mainly alleging he was subjected to an unreasonable risk of harm while residing in particular housing units.  *See, e.g., Compl.,* Dkt. 7-3, ¶ 232-34.  Under these circumstances, it is appropriate to restrict this discovery to housing units, as opposed to expanding the scope to include common areas.  The Court will therefore deny Kruger's Motion to Clarify.

## 2.  Defendant Kempf's Motion to Modify Scheduling Orders

As noted, Defendant Kempf is seeking to extend two scheduling deadlines in this case – the discovery cutoff and the deadline for Kempf to refile his motion for summary judgment on Kruger's failure-to-protect claim.

Preliminarily, the Court observes that Kempf's motion to modify is not yet ripe; in fact, plaintiff's response is not due until June 20, 2016.  The Court will nevertheless proceed to immediately rule on this motion for two reasons.  First, as explained below, the motion is straightforward and the substantive outcome is clear:  Kempf should be allowed to depose Kruger on the documents that are currently being produced.  Second,

this case has pended on the Court's docket for far too long already. The case was filed in October 2012 and it is in both parties' best interest to move this case along as quickly as possible.

### A.  Governing Legal Standard

District courts have broad discretion in supervising the pretrial phase of litigation. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). Once a district court has issued its scheduling order, Rule 16 of the Federal Rules of Civil Procedure sets the standard for modifying the schedule. That standard requires "good cause and with the judge's consent" to modify a scheduling order. Fed. R. Civ. P. 16(b)(4). Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment. *Johnson*, 975 F.2d at 609. Although the existence of prejudice to the party opposing the modification may supply reasons to deny a motion, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

The deadlines relevant to Kempf's motion to modify are as follows:  Defendant Kempf's deadline to produce additional documents is <u>June 2, 2016</u>.  His deadline to file a motion for summary judgment on Kruger's failure-to-protect claim is <u>July 2, 2016</u>.

### B.  Kruger Deposition

Kempf's first request – in essence, a request to reopen discovery for the limited purpose of deposing Kruger – is reasonable under the circumstances.  This case is unusual in that the Court ordered defendant to produce documents *after* the discovery deadline had already passed and *after* the defendant filed a motion for summary judgment.  Because these documents are being produced after the discovery deadline, it

makes sense to allow Kempf the opportunity to depose Kruger – even after the discovery period has closed.

Under these circumstances, defendant has established diligence.  Although Kempf theoretically could have deposed Kruger regarding these documents earlier in the litigation, that approach would not have made sense, as the Court had not resolved the parties' disputes regarding the scope of discovery.  Further, the Court does not believe Kruger would be prejudiced simply by making himself available for deposition.

For these reasons, the Court will grant Kempf's motion to modify the scheduling deadline to the extent that it will reopen discovery for the limited purpose of allowing Kempf to depose Kruger.  This deposition must take place on or before **June 30, 2016.**

### C.  Extension of Deadline for Kempf to Refile a Motion for Summary Judgment

The Court is not convinced that Kempf needs until August 29, 2016 to refile his motion for summary judgment.  Rather, the Court believes a shorter extension – to and including **July 29, 2016** – is sufficient under the circumstances.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff Kruger's Motion for Clarification (Dkt. 165) is **DENIED.**

2. Defendant Kempf's Motion to Modify Orders re Scheduling (Dkt. 167) is **GRANTED in part and DENIED in part** as explained above.

3.   Defendant Kempf may renew his motion for summary judgment on certain claims, as contemplated in this Court's March 31, 2016 Order, by no later than **July 29, 2016.**

DATED: June 2, 2016

B. Lynn Winmill
Chief Judge
United States District Court